IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CARVELLI, | CIVIL |
| Plaintiff, | ACTION No. |
| v. | 2:23-CV-2105 |
| JIM SHORKEY AUTO GROUP, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Michael Carvelli, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 7 of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §626(c)(1); 28 U.S.C §§1331 and 1343(a)(3) and (a)(4).

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in the Age Discrimination in Employment Act (ADEA), in that:

   a. Plaintiff filed a timely written charge of age discrimination and retaliation with the Equal Opportunity Employment Commission on April 5, 2023, and cross filed with the Pennsylvania Human Relations Commission;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated November 7, 2023; and

   c. This action was filed with this Court within 90 days of receipt of that Notice.

### II. The Parties

3. Plaintiff Michael Carvelli ("Plaintiff") is an individual who resides at 136 Meadow Drive, Beaver Falls, Beaver County, PA 15010.

1

4. Defendant, Jim Shorkey Auto Group, ("Defendant") is Pennsylvania corporation with a place of business located at 12900 Route 30 West, Irwin, Westmoreland County, PA 15642.

5. At all times relevant hereto, Defendant is and was an employer within the meaning of 29 U.S.C. §630(b), because it is engaged in an industry affecting interstate commerce and employs more than 20 employees, and it was Carvelli's employer.

### III. Factual Background

6. Plaintiff was employed by Defendant from November 9, 2020 until February 11, 2023.

7. Plaintiff is 54 years old.

8. Plaintiff last held the position of Finance Manager.

9. Plaintiff's supervisor, Michael Paolucci, would repeatedly make derogatory comments about Plaintiff's age such as telling Plaintiff he looked old, like a senior citizen, and would ask Defendant's associates who looks older Plaintiff or Mr. Paolucci.

10. Defendant's hiring manager made a comment to another older employee that the company likes to hire younger employees because they can train them and that older employees tend to be stuck in their ways.

11. In June, 2022, Mr. Paolucci had Plaintiff train Alex Bachman. Mr. Bachman is in his 20s.

12. During the time Plaintiff was training Mr. Bachman, Respondent changed the payment structure from individual to a group performance-based system, so as a top performer, Plaintiff's pay was reduced.

13. In November, 2022, Mr. Paolucci became Respondent's General Manager for their North Hills location. Mr. Paolucci's comments about Plaintiff's age continued.

14. Mr. Carvelli grew a beard while he was off on vacation and Mr. Paolucci said to Defendant's associates, "See how old he looks now."

15. In January of 2023, Mr. Carvelli addressed Mr. Paolucci about Mr. Paolucci making bias comments about his age and treating him unfairly because of his age.

16. On February 10, 2023, Plaintiff spoke with Defendant's Assistant Controller about Mr. Paolucci's treatment including that he repeatedly made comments about Plaintiff's age.

17. Plaintiff was terminated the next day on February 11, 2023 and told he was being too negative. However, Plaintiff was not being negative.

18. Mr. Bachman is now Defendant's Finance Manager position with Respondent.

19. Following Plaintiff's termination, Defendant's pay structure was returned to an individual based performance system.

## Count I
## ADEA

20. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 19 as if fully restated herein.

21. Defendant fired Plaintiff because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

22. But for Plaintiff's age, Defendant would not have fired him.

23. Defendant's violation of the ADEA was willful.

WHEREFORE, Plaintiff demands judgment as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal

   treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on February 11, 2023;

 c. That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

 d. That Defendant be required to compensate Plaintiff for lost benefits;

 e. That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

 f. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

 g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

 h. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## Retaliation

24. Plaintiff incorporates by reference the allegations in paragraphs 1 through 23 as if fully restated herein.

25. Defendant fired Plaintiff in retaliation for opposing age discrimination.

WHEREFORE, Plaintiff demands judgment as follows:

 a. That Defendant be ordered to reinstate Plaintiff into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

 b. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied at the time of his termination;

 c. That Defendant be required to reinstate Plaintiff's pension standing, including an uninterrupted reinstatement of his seniority and vesting;

d. That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

e. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

f. That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

g. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**Edgar Snyder & Associates**

/s/ *John E. Black, III*
John E. Black, III
PA I.D. No. 83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
(412) 394-4446
(412) 391-7032 (Fax)
jblack@edgarsnyder.com

Attorney for Plaintiff